UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM DENLINGER,

                Plaintiff,         Civil Action No. 24-10452

v.                                      Susan K. DeClercq
                                        United States District Judge

DAVID RIOS, *et al.*,             David R. Grand
                                         United States Magistrate Judge

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 15)

*Pro se* plaintiff Adam Denlinger ("Denlinger") brings this lawsuit against police officers of the Detroit Police Department's Fourth Precinct, David Rios, Mark Sievers, Brenda Hernandez, and Mr. Sandoval (the "Police Officer Defendants"), as well as the City of Detroit, raising claims of First Amendment retaliation, and claims of unlawful search and seizure, unlawful detention, and false arrest/imprisonment under the Fourth and Fourteenth Amendments. (ECF No. 1). The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 12).

Presently before the Court is Denlinger's motion for default judgment, in which he argues that the Police Officer Defendants filed an untimely answer to his complaint, "which prejudiced [him]," and so he is entitled to an entry of default judgment pursuant to Fed. R. Civ. P. 55. (ECF No. 15, PageID.104). Denlinger's request for an entry of default judgment lacks merit.

The Federal Rules of Civil Procedure require a defendant to serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). "Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may then enter a default judgment." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (citing Fed. R. Civ. P. 55(b)(1)). In other words, "[i]n order to obtain a default judgment [from the Court] under Rule 55(b)(1), there must first be an entry of default [by the clerk] as provided by Rule 55(a)." *Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997). "If a plaintiff does not first obtain an entry of default from the clerk and the defendant subsequently answers, the court can deny the motion or default judgment. Additionally, even when the defendant is technically in default, it is within the court's discretion whether to enter a default judgment." *Id.*

Here, the docket does not indicate that, prior to filing his motion seeking a default judgment, Denlinger first obtained from the clerk an entry of default as contemplated by Rule 55(a). For that reason alone, Denlinger's request for an entry of default judgment is procedurally flawed and should be denied. Moreover, the Court notes that defendants Rios, Sievers, and Hernandez contend that they were never properly personally served with Delinger's complaint – which contention is supported by Denlinger's failure to file a proper proof of service as to them – and that defendant Sandoval, who no longer works for the City of Detroit Police Department, also was not served by Denlinger's mere mailing of the

complaint to the Detroit Police Department. (ECF No. 16, PageID.109-111; ECF No. 10).[1]

Thus, the answer filed by defendants Rios, Sievers, and Hernandez (ECF No. 14) was not untimely, and defendant Sandoval's answer is not yet due.

Accordingly, **IT IS RECOMMENDED** that Denlinger's motion for default judgment **(ECF No. 15)** be **DENIED**.

Dated: November 8, 2024  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another

---

[1] Denlinger did not file a reply disputing these contentions.

3

party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 8, 2024.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager